IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAULA FEINBERG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1157-BN |
| | § | |
| COSTCO WHOLESALE | § | |
| CORPORATION d/b/a COSTCO, | § | |
| ROB BARNES, ERIC (DOE) | § | |
| EMPLOYEE, JAKE (DOE) | § | |
| EMPLOYEE, JOHN (DOE) | § | |
| EMPLOYEES 1-6, and JANE | § | |
| (DOE)(S) 5-10, | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Paul Feinberg has filed an Opposed Motion to Remand, alleging that the amount-in-controversy requirement to establish diversity jurisdiction has not been met. *See* Dkt. No. 7.

Defendants Costco Wholesale Corporation and Rob Barnes filed a response. *See* Dkt. No. 9.

Feinberg did not file a reply, and the time to do so has passed.

For the reasons explained below, the Court grants Plaintiff's Opposed Motion to Remand [Dkt. No. 7].

**Background**

As Feinberg has summarized, she

> commenced an action against Defendants in the County Court at Law
> No. 2 of Dallas County, Texas, Cause No. CC-23-00745-B, on or around
> February 8, 2023. In her Original Petition, ("Petition"), Plaintiff claims
> that she was injured while standing in line at a Costco Wholesale
> Corporation ("Costco") store on April 29, 2021, when a plexi-glass
> partition fell and landed on the Plaintiff, hitting the right side of her
> head and right shoulder. As a result, Plaintiff alleges "serious bodily
> injuries". As such, Plaintiff has asserted claims against Defendants
> Costco Wholesale Corporation and Rob Barnes (and additional John
> and Jane Does) for negligence, gross negligence, negligent training,
> negligent supervision and negligence under a premises liability theory.
> In her Petition, Plaintiff seeks damages for mental anguish, physical
> pain and suffering, physical impairment, and physical disfigurement,
> all past and future.

Dkt. No. 5 at 1-2. In Plaintiff's Original Petition filed in state court, she pleads that

"Plaintiff seeks monetary relief under $75,000.00." Dkt. No. 1-2 at 4 of 11. She also

alleges gross negligence and seeks "exemplary damages" and "reasonable attorneys'

fees." *Id.* at 9-11 of 11.

Defendants Costco Wholesale Corporation and Rob Barnes have reported that

"Defendant Rob Barnes denies that he is a proper party to this action and/or are

liable in the capacity in which he is sued" and allege that "Defendant Rob Barnes is

not a proper party to this action and has been fraudulently joined for the purpose of

defeating diversity jurisdiction." Dkt. No. 5 at 2. In their Notice of Removal, Costco

and Barnes assert that Feinberg cannot recover from Barnes"; that "[a]ll allegations

against Barned are in his role as Costco's agent/employee"; that "[t]here are no

independent allegations of liability against him separate from those made against Costco as the corporate entity"; and that, "[a]ccordingly, Barnes was fraudulently joined, and his citizenship cannot be taken into account for purposes of determining diversity." Dkt. No. 1 at 10-11 (footnote omitted).

As for the amount-in-controversy requirement, Costco and Barnes alleged in their Notice of Removal that

> The facts in controversy show that the amount in controversy exceeds $75,000.00.
> a. The party seeking federal jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Grant v. Chevron Phillips Chem. Co. L.P.*, 309 F.3d 864, 868 (5th Cir. 2002). The removing party may satisfy its burden by either (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000.00 or (2) "by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount." *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).
> b. If a defendant can produce evidence that establishes the actual amount in controversy exceeds the jurisdictional threshold, a plaintiff must be able to show that, to a legal certainty, he or she will not be able to recover more than the damages for which he or she has prayed in the state court complaint. *See De Aguilar*, 47 F.3d at 1409. To determine the amount in controversy, the court may consider "penalties, statutory damages, and punitive damages." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, No. 3;98-CV1288-G, 1999 WL 151667, at 2-3 (N.D. Tex. Mar. 10, 1999)(finding a sufficient amount in controversy in plaintiff's case against his insurance company).
> c. Here, the facts in controversy, in particular the damages sought in Plaintiff's Original Petition, demonstrate that her claim exceeds $75,000.00. See generally Exhibit A-1. In her Petition, Plaintiff seeks recovery for mental anguish, physical pain and suffering, physical impairment, physical disfigurement, all past and future, exemplary damages, attorney's fees, court costs, and pre- and post-judgement

interest. Id. at P. 9-10. Plaintiff's pleading of damages thus indicates an amount in controversy greater than the $75,000 jurisdictional threshold. *Troiani v. Allstate Ins. Co.*, No. CIV-B-06-00067, 2006 WL 1851378, at *4 (S.D. Tex. July 3, 2006)(finding that the combination of the plaintiff's claim of maximum recovery of $70,000 plus claims for additional attorneys' fees and exemplary damages clearly illustrated that the amount in controversy exceeded $75,000).

d. In addition, Plaintiff has sought to avoid the removal of this matter by violating Rule 47 of the Texas Rules of Civil Procedure and has filed no binding stipulation or affidavit limiting damages to below the jurisdictional threshold with her petition. *See De Aguilar*, 47 F.3d at 1410, 1412; *Cavazos v. Allstate Vehicle & Prop. Ins. Co.*, No. 7:17-CV-368, 2017 WL 11317904 at *2 (S.D. Tex. Dec. 12, 2017); *Crixell*, No. 7:14-CV-169, 2014 WL 12605586, at *3. In fact, the opposite is the case, as Plaintiff's counsel expressly stated that Plaintiff could not agree to enter into a stipulation limiting damages to below $75,000.00. *See* Exhibit A-2.

e. Further, "a simple allegation in a state-court petition that a plaintiff seeks less than the jurisdictional threshold, without more, is insufficient to defeat diversity jurisdiction… [H]ere, a Plaintiff submitted no binding stipulation or affidavit with his complaint". *Hayes v. Bank of Am. N.A.*, No. 3:18-cv-3238-B, 2019 WL 585445, at *4 (N.D. Tex. Feb. 13, 2019); *Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 844 (N.D. Tex. 2020).

f. Thus, taking into consideration (1) the categories of damages asserted in Plaintiff's pleading, and (2) Plaintiff's failure to provide a binding stipulation or affidavit (just as in *Hayes* cited above), Defendant has thus proven the amount in controversy exceeds $75,000.00.

14. Because this civil action only involves citizens of different states and the amount in controversy exceeds $75,000.00, this Court has original jurisdiction pursuant to 28 U.S.C. §1332(a) and removal is proper under 28 U.S.C. §1441.

Dkt. No. 1 at 11-12.

## Legal Standards and Analysis

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and

the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a), (b).

"The party seeking to remove bears the burden of showing that federal jurisdiction exists and that removal was proper." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013). And, so, "[a]s the party seeking removal, Defendants bear the burden of proving both" complete diversity and that the amount in controversy satisfied the jurisdictional minimum. *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 85 (5th Cir. 2013).

### I. Amount in Controversy

Turning first to the amount-in-controversy requirement, "[t]here is a framework for resolving disputes over the amount in controversy. If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up); *accord Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022) (28 U.S.C. § 1446(c)(2) "thus sets a general rule that 'the sum demanded in good faith in the initial pleading' is 'the amount in controversy'" (quoting 28 U.S.C. § 1446(c)(2))).

But 28 U.S.C. § 1446(c)(2) "provides two exceptions to that general rule: (i) the plaintiff's operative state-court pleading at the time of removal seeks nonmonetary relief; or (ii) that pleading seeks a money judgment, and the State 'does not permit

demand for a specific sum or permits recovery of damages in excess of the amount demanded.'" *Durbois*, 37 F.4th at 1056 (quoting 28 U.S.C. § 1446(c)(2)(A)).

> If either exception is shown, then the defendant's [plausible] amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. When the defendant's allegation is questioned, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

*Id.* (cleaned up).

Likewise, "[i]f the petition is silent (as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro*, 39 F.4th at 314 (cleaned up). But, in any event, the removing defendant bears the burden of proof, and

> [t]he defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Guijarro*, 39 F.4th at 314 (cleaned up). The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up).

"If the defendants can produce evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity jurisdiction only by showing to a legal certainty that

the amount in controversy does not exceed the sum or value of $75,000, exclusive of interest and costs." *McCauley v. Kroger Co.*, No. 3:19-cv-2673-D, 2020 WL 208816, at *2 (N.D. Tex. Jan. 14, 2020) (citation omitted); *accord In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 387 (5th Cir. 2009) (explaining that "a plaintiff is required to establish legal certainty whenever the [removing] defendant has established by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount" (cleaned up)).

In her Opposed Motion to Remand, Feinberg argues that "[t]his case should not have been removed from state court since Defendants have failed to show it is more likely than not that the amount in controversy exceeds $75,000.00" and that "Plaintiff's pleadings in state court make clear that Plaintiff is seeking monetary relief under $75,000, because Plaintiff is actually seeking monetary relief under $75,000," and, "[p]rior to the removal of this matter to federal court, Plaintiff had filed her medical billing records in this matter, which totaled $9,149.43, of which she paid $2,780." Dkt. No. 5 at 1.

Costco and Barnes respond that "Plaintiff's Original Petition was filed in bad faith, or, alternatively, the amount in controversy exceeds $75,000.00, irrespective of the amount set forth in Plaintiff's Original Petition." Dkt. No. 9 at 1. They explain that they "first determined this based on the specific facts and damages pled by Plaintiff in Plaintiff's Original Petition, as they were apparent on their face," and

then "confirmed same by Plaintiff's counsel's initial, and renewed, refusal to stipulate to damages less than $75,000.00." *Id.*

As the United States Court of Appeals for the Fifth Circuit has recently explained, Texas Rule of Civil Procedure 47, after amendments in 2013, now "permits the claiming of specific sums," and the mere fact that a state-court plaintiff "pleaded a demand for specific damages cannot support bad faith." *Durbois*, 37 F.4th at 1060.

Here, although Feinberg pleaded past and future mental anguish; past and future physical pain and suffering; past and future physical impairment or physical incapacity; past and future physical disfigurement; exemplary damages; and reasonable attorneys' fees, she also pleaded that "Plaintiff seeks monetary relief under $75,000.00." Dkt. No. 1-2 at 4 of 11. Texas law permitted her to do so, and this is not bad faith pleading for these purposes. *See Durbois*, 37 F.4th at 1060; *Blappert v. NIBCO, Inc.*, No. SA-22-CV-00487-XR, 2022 WL 2706120, at *2-*3 (W.D. Tex. July 11, 2022) ("In Texas, Plaintiffs may demand damages up to but no higher than a stated amount. .... Thus, the Court regards the clear allegations in Plaintiffs' petition concerning the amount of total damages that they each seek in this action as judicial admissions. In so doing, the Court further finds that these formal concessions undoubtedly establish that amount in controversy in this action is below the requisite $75,000.").

Faced with this pleaded amount below the jurisdictional minimum, Defendants point to the nature of the injuries that Feinberg alleges and the types of damages that she pleads to argue that it is facially apparent from Plaintiff's Original Petition "from the specific facts and damages pled, that the amount in controversy more likely than not exceeds $75,000.00." Dkt. No. 7 at 7-9. But the only evidence presented is from Feinberg, who explains that "[t]he basis for Plaintiff's belief that her claim would not exceed $75,000.00 is that Plaintiff's incurred medical treatment expenses were less than $10,000.00 and the amount she paid was only $2,780.00, as evidenced by Plaintiff's state court filed affidavit on March 28, 2023, from Medical City Dallas." Dkt. No. 7 at 2. That Defendants assert that this was "a filing which Defendants never received notice of at the time it was filed, as Defendants were not yet party to the matter," Dkt. No. 9 at 1-2, does not change that this is in the mix of evidence for the Court to consider at this stage. As Feinberg points out, she "has provided her medical and billing records, which were filed in the state court action, and clearly illustrate that Plaintiff has paid $2,780.00 for her medical treatment," and "Defendants' assertion that the amount in controversy 'easily exceeds $75,000.00' would require a jury to award damages over 26 times the amount paid by Plaintiff for medical treatment." Dkt. No. 7 at 5. And Feinberg points out that she "never made a demand for payment for an amount of damages in excess of $75,000.00." *Id.* at 2.

On this record, even considering what future-looking damages and exemplary damages and attorneys' fees could be, the Court cannot conclude that it is facially apparent from Plaintiff's Original Petition that the claims are likely to exceed $75,000 or that Defendants have met their burden, by a preponderance of the evidence, to set forth the facts in controversy – much less by summary judgment-type evidence – that support a finding of the jurisdictional minimum amount.

Defendants also rely heavily on Feinberg's multiple refusals to stipulate to damages less than $75,000.00 and the absence of any binding stipulation in the record to that effect.

Taking up the second point first, the case law on which Defendants rely involves plaintiffs who were put to showing that it is legally certain that their recovery will not exceed the jurisdictional minimum. *See Hamilton v. Mike Bloomberg 2020 Inc.*, 474 F. Supp. 3d 836, 844 (N.D. Tex. 2020), *aff'd*, No. 21-10576, 2021 WL 5272218 (5th Cir. Nov. 11, 2021); *Hayes v. Bank of Am., N.A.*, No. 3:18-cv-3238-B, 2019 WL 585445, at *4 (N.D. Tex. Feb. 13, 2019). But a plaintiff is put to that burden only if and when the removing defendant has produced evidence sufficient to show by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. *See Hamilton*, 2021 WL 5272218, at *2; *Hamilton*, 474 F. Supp. 3d at 843; *McCauley*, 2020 WL 208816, at *2; *Hayes*, 2019

-10-

WL 585445, at *2.

As to Feinberg's refusal to stipulate, a refusal like this can be considered by the Court in determining whether the jurisdictional threshold has been met, but it alone is not reason to deny remand. *See Veach v. Kroger Tex., L.P.*, No. 3:20-cv-3625-L, 2021 WL 1688452, at *5 (N.D. Tex. Apr. 29, 2021); *Cox v. Liberty Mut. & Credit Collection Servs.*, No. 3:10-cv-1956-M, 2011 WL 98374, at *3 (N.D. Tex. Jan. 12, 2011). "In other words, a plaintiff's refusal to stipulate must be accompanied by other evidence that supports the proposition that plaintiff's damages exceed the minimum jurisdictional amount." *McCauley*, 2020 WL 208816, at *3. For the reasons that Feinberg persuasively explains, and without any evidence from Defendants, that is missing here.

Defendants have not met their burden to establish that the amount in controversy exceeds $75,000.

## II. Complete Diversity

Because the Court must remand the case based on Defendants' failure to establish that the amount in controversy satisfied the jurisdictional minimum, the Court need not address whether Defendants have established complete diversity by meeting their heavy burden to show that Defendant Rob Barnes was improperly joined. *See generally Pierson v. Reverse Mortg. Sols. Inc.*, No. 3:21-cv-3146-S-BN, 2022 WL 585154 (N.D. Tex. Feb. 8, 2022), *rep. & rec. adopted*, 2022 WL 581809 (N.D.

Tex. Feb. 24, 2022).

**III.      28 U.S.C. § 1447(c)**

Feinberg also asserts "that Defendants had no plausible basis for claiming that this court had jurisdiction on any basis that would take precedence over any cause of action in Plaintiff's petition" and that the Notice of Removal "served as an unnecessary and needless delay in the trial of this cause and greatly increased the cost of this litigation." Dkt. No. 7 at 6. Feinberg "moves this court to order any appropriate sanctions including, but not limited to, ordering Defendants to pay the amount of reasonable expenses incurred by Plaintiff in preparing and presenting this [Opposed Motion to Remand], including reasonable attorney's fees" and "all costs, expenses and reasonable attorney's fees incurred by Plaintiff as a result of the removal action." *Id.*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The decision to grant or deny attorneys' fees under Section 1447(c) is discretionary. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

The standard for awarding fees under Section 1447(c) looks to "the objective merits of removal at the time of removal, irrespective of the fact that it might ultimately be determined that removal was improper." *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000). Under this standard, "[a]bsent unusual

circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal [at the time removal was sought.] Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141.

There is no "automatic entitlement to an award of attorney's fees," but bad faith is not "a prerequisite to awarding attorney fees and costs." *Valdes*, 199 F.3d at 292 (cleaned up). "A fee award is inappropriate if the removing party 'could conclude from [existing] case law that its position was not an unreasonable one.'" *Probasco v. Wal-Mart Stores Tex., L.L.C.*, 766 F. App'x 34, 37 (5th Cir. 2019) (quoting *Valdes*, 199 F.3d at 293).

Although the Court rejects Defendants' positions above, the Court finds that Defendants' counsel could conclude from some existing case law that a decision to remove the case based on diversity jurisdiction was not an unreasonable one. And so the Court denies Feinberg's request for an order requiring Defendants to pay her costs and expenses, including attorneys' fees, under Section 1447(c).

## Conclusion

The Court GRANTS Plaintiffs' Opposed Motion to Remand [Dkt. No. 7] and REMANDS this action to County Court at Law No. 2, Dallas County Texas, from which it was removed.

SO ORDERED.

-13-

DATED: August 29, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE